### WILLIAM T. HILL v. EPHRAIM MORRISON.

1. A motion to dismiss a suit before a justice of the peace because of the pendency of another suit between the same parties, for the same cause of action, before another justice, must be supported by due proof of the fact alleged ; and if, on *certiorari*, it does not appear to have been so supported, its denial will not be considered error.

2. Such a motion, if not duly made and supported before the justice, should be disregarded on appeal.

3. The "Act to regulate the practice of medicine and surgery," approved March 12th, 1880, (*Pamph. L.*, *p.* 296,) does not impair the right to recover for medical services rendered before June 1st, 1880, when the act took effect.

4. The "Act to re-organize the Medical Society of New Jersey," approved March 14th, 1864, (*Pamph. L.*, *p.* 250,) repealed the "Act to incorporate medical societies for the purpose of regulating the practice of physic and surgery in this state," approved January 28th, 1830, (*Pamph. L.*, *p.* 19,) so far as the latter act related to the state society.

5. Moneys paid upon an outstanding account cannot be applied by the court to debts subsequently contracted.

6. On reversal of a judgment of the Common Pleas on appeal, for a reason which does not decide the whole cause, the record should be remitted to the Pleas for further proceedings.

On *certiorari* to the Sussex Common Pleas.

Argued at June Term, 1884, before Justices KNAPP, DIXON and PARKER.

For the plaintiff in *certiorari*, *F. J. Swayze* and *M. Rosen-krans*.

For the defendant in *certiorari*, *Roe & Shepherd*.

The opinion of the court was delivered by

DIXON, J. This *certiorari* brings up a judgment of the Sussex Common Pleas, on appeal from a justice, rendered in favor of the plaintiff below. The action was instituted to recover for medical services.

The first four reasons alleged for reversal are, in effect, that when the summons was issued by the justice a prior suit for the same cause of action, between the same parties, was pending before another justice.

This fact was proved in the Common Pleas, but it was then proper to disregard it, unless it had been duly presented before the justice. *Clifford* v. *Frankford*, 8 *Vroom* 152. The only evidence we have touching this latter point is found in the justice's docket, which states that, on the return-day, "the defendant made a motion for a non-suit that the summons was served illegally on the day that a suit was pending before John T. Stewart, Esq." This is not enough. It should appear before us that the motion was based on due proof of the fact alleged. In the higher courts the fact would be of no avail unless pleaded in abatement ; in courts for the trial of small causes it should also be ignored unless presented and proved in time. *Hixon* v. *Schooley*, 2 *Dutcher* 461.

The next eleven reasons set up a denial of the plaintiff's right to recover, on account of his non-compliance with the "Act to regulate the practice of medicine and surgery," approved March 12th, 1880. *Pamph. L., p.* 296.

But we think that act was correctly disposed of below by the court's holding that it did not impair the plaintiff's right to recover for services rendered before June 1st, 1880, when it took effect. The statute does not evince any design that it should be retroactive, and, if it did, such design could not be

permitted to destroy the obligation of previous contracts or the remedies for their enforcement.

The defendant, however, insists that "An act to incorporate medical societies for the purpose of regulating the practice of physic and surgery in this state," approved January 28th, 1830, (*Pamph. L.*, *p.* 19,) is still in force, and bars the plaintiff's right to recover, because he has no diploma from the Medical Society of New Jersey, incorporated by that act. This contention is made in face of the fourth section of "An act to re-organize the Medical Society of New Jersey," approved March 14th, 1864, (*Pamph. L.*, *p.* 250,) which purports to repeal the act of 1830. The defendant claims that this feature of the act of 1864 is unconstitutional because it is not fairly embraced in the object expressed by the title.

We think, however, that so far as the state society was concerned, the repeal was clearly valid. An act to re-organize that society might properly embrace any change in its functions which the legislature was competent to make, and such change could legally be effected by repealing its former powers and conferring new ones. This is what was done, and it seems to us unobjectionable.

The remaining reasons relate to the action of the Common Pleas in applying payments made after June 1st, 1880, to services rendered after that date.

This was an error. Those payments were sometimes in excess of the charges which preceded them after the day mentioned, and therefore could not all have been intended to satisfy those charges. They were evidently made on the pre-existing account, and there was nothing to indicate that they were not to follow the usual rule and be applied to the earliest items. For this error the judgment must be reversed.

Let the record be remitted to the Common Pleas for a new trial there. *Steamboat Co.* v. *Flanagan*, 12 *Vroom* 115.